Your Honors, may it please the Court, I'm Casey Flint on behalf of the St. Luke's defendants. I'd like to reserve three minutes of my time for rebuttal. Okay. This appeal presents a question of law, which is whether the private plaintiffs can substantially prevail on their Clayton Act claim without establishing that they were entitled to any judicial relief. It's a black letter law that in order to win relief under the Clayton Act, a private plaintiff as opposed to the FTC or some other government plaintiff, has to prove injury to itself, to the private plaintiff. Oh, if they're operating by themselves, but here they are in a consolidated case with the government, ordinarily the argument, your argument about why they can't show relief is an antitrust standing argument. It's not the merits of the antitrust claim. It's not the merits of the antitrust violation, that's right. So they did prevail on the merits, i.e. that there was a barrier to competition and so on. It was proved an antitrust violation. And so ordinarily, if you have several parties in a case and one of them has standing, it doesn't matter whether the other ones do, so why aren't they legitimately in this case without having to demonstrate their own antitrust standing, as long as they went on the merits? The district court was certainly entitled to enter an injunction based on its findings of an antitrust violation without reaching the question of antitrust injury to the private plaintiffs. Right. But the question now is whether these plaintiffs substantially prevailed. The question is not whether... Well, they prevailed on the merits of their antitrust claim, and there was no decision as to whether they had antitrust standing. An antitrust violation was found, that's right, and all the plaintiffs prevailed with establishing an antitrust violation, but private... And they got all the reliefs they wanted. The relief they wanted was entered in the case, but competitor plaintiffs are not entitled to any relief under blackletter law... Let me stop you for a second. Here's my problem with this case, and it's the same question I want to ask the other side. The district court tells us, and I think it's an absolutely accurate reading of this record,  Private plaintiffs have been arguing throughout that they were entitled to relief under claims, but neither court that had to adjudicate this case found it necessary to address their arguments. That's the record. Under those circumstances, and they keep saying to every court they show up in front of, district court, by the way, we should win on our claims too, court of appeals, by the way, we should say, don't bother me with that, the FTC's case is good enough for me, and they put a lot of attorney's fees into proving up their claims. All correct. I agree. Okay, so we're with each other so far. This is not like any other case that I've actually seen where we then say at the end of it, well, too bad, because we as courts decided to deal with the case in a different manner than the one you presented to us. Shouldn't we at least say to the district judge, hey, you tried to duck it and we tried to duck it, but they're asking for money. At this point, would you tell us what you thought about their claims? I'm not sure how that would work. Well, he's got a complete record. He can say, looking back at it, you know, the truth is they wouldn't have prevailed in their claims, so I'm not going to give them money. Or he can say the truth is they would have prevailed in their claims. And then you can come up and fight about it. But one of the difficulties of this case is it's not just that the court decided it on a different basis. They kept asking us to decide the case on the basis that they were presenting. A lazy circuit judge found it unnecessary to do so because he thought the FTC's case was quite strong. So what do we do in a case like that? It's a little bit of a variant of the question. They got the relief they wanted. Now, let's assume for a moment that's not enough, that they have to show that they would have gotten it on the basis of their claims. They keep saying they would have. Don't we have to ask somebody to answer that question? No, Your Honor, you don't. The D.C. Circuit addressed this situation in the long-distance telephone case. There, three plaintiffs challenged an IRS notice, one on a procedural theory, the other two only on substantive theories. The court struck down the IRS notice and validated it on the procedural theory and didn't reach the substantive claim. And then it said, those substantive claims were non-frivolous, they were potentially meritless, it will never be known because they didn't need to be decided in order to strike down, to invalidate the IRS notice. And the only plaintiff who prevailed for purposes of attorney's fees- Where are you getting the notion? I mean, here, again, Buchanan, as I understand it, and its progeny, depend on whether there was a judicial order change in the relationship between the party, such that they actually got relief in the case. Why that happened doesn't seem to be particularly material. For example, a consent decree is good enough. How is this different for the purposes of having to prove up their claim from a consent decree? Buchanan talked about merit. It said- Well, but mostly it talks about, did you get the relief you wanted? That's mostly what it talks about. And the merits include that. And here, the merits, I mean, it depends what you call the merits. But the merits, it seems to me, are, was there an antitrust violation? And the answer is yes. And the other piece, it's a procedural prerequisite that has no application to this case, because it was unnecessary to decide the case. Your Honor, it's not a procedural prerequisite. It's an element of Article III standing. Well, is it an element of Article III standing? Yes, it is, Your Honor, because private plaintiffs are not injured by price increases- All right, well, the basic rule in that, from the Supreme Court- Isn't it statutory, not Article III? No, it's Article III, Your Honor. The private plaintiffs are not injured by price increases, because they are competitors, and they benefit from price increases. All right. Well, we were told this year by the Supreme Court, for example, that an intervener can come into a case and be part of a case as long as they're seeking the same relief, even if they don't have standing. Private plaintiffs, under the antitrust laws, cannot win relief under the Clayton Act without establishing both standing- But they're in a case in which they don't need that. That's exactly right, Your Honor. But Buckhannon says what you need to establish is legal merit to your claim. Now, simply- Suppose they were an intervener. Suppose instead of bringing the case first, they'd intervene. If they couldn't establish the merits of their claim, the analysis would be the same. But we know that they could have- I mean, under the- well, what's the name of the case? The one that's just this term, which I'm not- What if they intervened and helped the government establish the merits of its case? Would they then be entitled to fees? Not unless they were entitled to fees in their own right. No, you- I mean, this is a difficult issue, so I want to make sure that at least we agree on this. Buckhannon really doesn't say that. Buckhannon- it's a fairly, I think, straightforward reading of Buckhannon. Buckhannon talks about establishing the merits of your claim, and normally the way we figure out whether somebody's established the merits of their claim is whether they get relief. That's normally enough. If you're the only plaintiff in the case, it's certainly enough. Okay. So in this case, they got relief, but there were other plaintiffs. In this case, they got relief, and it's 100 percent clear from the record that you recited earlier, Your Honor, that the relief was granted thanks to the government plaintiffs proving their claim. Right. And so I'm trying to figure out what- Buckhannon, when it talks about claims, your claims getting judicial imprimatur, does it mean your theory of the case, or does it mean your claim for relief? I believe the best reading is that it means your claim for relief. Well, but we know it doesn't, because it said specifically that a consent decree counts. A consent decree counts because in a consent decree, you have established by agreement from the other party that you are entitled to relief. Right. The other party doesn't necessarily- No, that you're going to get relief. You haven't had to establish that you're entitled to relief. And in fact, Buckhannon says, even if you're- there isn't an agreement that you're entitled to relief. There's just an agreement that you're going to get the relief. If the parties agree that the plaintiff should have relief- Okay. So how does that measure up to your notion that you have to prevail in your claim? All of it, not just the important- not only the piece that gets you the relief, but some other piece that is not relevant to this particular case, because in this particular case, it doesn't matter whether you have Article III standing. In a consent decree, there's an agreement between the parties that relief is proper. Certainly, there was no such agreement in this case. So we're not- Well, didn't you agree at least twice, I mean, at least in terms of arguments on appeal, that if we held for the FTC, we didn't have to reach their claims? I'm not sure I understand the question. Well, it's a little bit like a consent decree, isn't it? What you've said was, you know, you don't have to worry. You know, we asked everybody multiple times on the original panel, if we find for the merits of the private plaintiff's claims, and everybody said no. You know, if you find for the FTC, you don't have to move on to the private plaintiff's claims. Okay, I understand the question. Isn't that roughly the equivalent of, if you find for the FTC, we consent to them getting the relief they sought to? It's- No, Your Honor. If the court found for the FTC as it did, then that would mean that an antitrust violation  The findings of fact and conclusions of law- I'm sorry, what? They do not find for all the plaintiffs, Your Honor. What about the judgment? The judgment says that Seltzer will be divested. It doesn't address- It says plaintiffs, but to be fair- No, it doesn't, Your Honor. It doesn't say plaintiffs. There were two governmental plaintiffs, weren't there? The judgment says, it is adjudged that Seltzer violated Section 7 and that Seltzer shall be divested. The findings, the judge's findings of fact talk about ruling in favor of the plaintiffs. There is a point where it says four plaintiffs. Yeah, but there were in effect two governmental plaintiffs and another one. That's correct. But he didn't separate it out when he said, I rule in favor of the plaintiffs, did he? That's right. Then in his opinion on entitlement to fees, he specifically said, I never reached the plaintiffs' claims of exclusionary conduct. But doesn't all of this sort of back and forth go back to what Judge Berzon was asking earlier, why shouldn't we remand it to let the district court tell us what it thinks about whether they were a prevailing party in the first place? You started to talk about an 11th Circuit case that you thought was- D.C. Circuit. D.C. Circuit. Oh, yes. The D.C. Circuit. Thank you. So there's no reason to remand, to ask that question, because what would determine was a recognition that the plaintiffs had established entitlement to relief. Can you tell me about the D.C. Circuit case, though? And the D.C. Circuit had, in three separate plaintiffs, sought to invalidate an IRS notice, two on a substantive theory under the APA and one on a procedural theory. The district court said the procedural theory was correct and sufficient to strike down and validate the IRS notice, and it didn't reach the substantive claims. And then, citing Buchanan, it said the only prevailing plaintiff is the one that established the procedural theory. And it said these other substantive theories, they may have had merit. Where do you get that out of Buchanan? I mean, Buchanan says the view, I mean, if you just read through it, the view that a prevailing party is one who's been awarded some relief by the court. They were certainly awarded relief by the court, were they not? Yes, so Buchanan has, I'm sorry, I didn't mean to interrupt. Well, you could, there's one sentence that talks about the merits, and all the other sentences talk about relief and judicial orders. And the merits, in this instance, they did prevail on the merits. The merits of the question of whether, which was a determinative question in the case, i.e., was there a, an antitrust violation. Now, I don't mean to be too cute, Your Honor, but Buchanan uses the term merit, and you're using the term merits. Now, certainly there's a distinction between procedural issues and merits issues, but that's not what Buchanan is talking about. But it uses that once, and all the rest of the time it is talking about relief. Respectfully, Your Honor, that's incorrect. All right, where? So on page 606, it says that the catalyst theory does not work. Oh, I'm sorry, this is on page 605. It says, under the catalyst theory, it could get, recover attorney's fees if a plaintiff established that the complaint had sufficient merit to withstand a motion to dismiss, et cetera, et cetera. This is not the type of legal merit that our prior decisions. Well, that's not what we're talking about here. They got relief. They're saying that if you don't get any relief, you don't get anywhere. But they got relief. Your Honor, the catalyst theory is about getting relief. No, it's getting relief not from a judge. Here they got relief from a judge in the lawsuit. Your Honor, as a previous question you asked recognized, Buchanan is sort of indifferent about how the relief comes about. You're right, certainly Buchanan dealt with voluntary cessation. But it doesn't, the case doesn't turn on the fact that it was voluntary cessation. It turns on the fact that the plaintiffs in Buchanan didn't prove their claims to establish entitlement to relief. And it said that's exactly why the catalyst theory doesn't work. It doesn't have the legal merit. No, it turns on the fact that they didn't get relief from the judge. Here they did. The judicial determination did not alter the legal relationship between the party. Here it did. They got exactly what they wanted. Your Honor, the relief they wanted was entered, but they didn't get it. The government plaintiffs got it. And I'd actually point the Court to... Your argument is that it's not enough that they got benefit of someone else's work in order to get paid for someone else's work. That's exactly right, Your Honor. And some of the cases use the term, following exactly the observation you just made, use the term riding on the FTC's coattails. The District Court in FTC v. Staples reached the same conclusion. The FTC, alongside the State of Pennsylvania and the District of Columbia, sought a preliminary injunction to stop a merger. The preliminary injunction was granted under the FTC Act, which only the FTC has the authority to enforce. Yes, slightly different here because they're both suing under... Everybody's suing under Section 7 of the Clayton Act, right? That's true, but government plaintiffs have a different claim under Section 7 of the Clayton Act than private plaintiffs do. Right, so one of the difficulties I'm having is that everybody's piecing together arguments that are implications from the case law. Other than the D.C. Circuit case, is there any other case that you've got where people are making the same, in effect, claims under the same statute? Some of them win, some of them the court says, we don't need to get to your claims, and fees are divided on that basis? Under the same statute? I think not. And were the D.C. Circuit claims, were they under the same statute? Weren't they under different statutes? You know, they were all under the APA. Right, but different sections of the APA. They probably were. Now here, this essentially... This is a little strange because what we have is a judicial construct that says for private plaintiffs, you need to show exclusion from the market. For the governmental plaintiff, you need to show a certain effect on pricing. I agree, except for the term judicial construct. It is an Article 3 requirement to show injury. Well, I know, but the injury, see, that's why you and I... I'm not sure it's important, but if we had said it's enough for private plaintiffs to show prices will increase, then I guess they would have showed injury. Well, that would have been exactly incorrect under very black-letter antitrust law. Of course, of course. It says we, we being the courts. The Clayton Act doesn't have this language in it. It's a judicial gloss on what injury is. Yes, that is correct. I agree with you about that. Can I ask you one quick question on another point? Of course. Let's assume that you're wrong about their entitlement to fees. And given our reluctance to second-guess the judge on amounts, can you give me a very short argument about why then the judge abused his discretion in awarding the amount that he did? Yes. So the judge determined that the private plaintiff's claims with respect to the vertical markets were unrelated to the FTC and State of Idaho claim that prevailed. So then he assessed whether, his task at that point was to assess whether the fees awarded, requested by the private plaintiffs related to the unrelated claims, unsuccessful unrelated claims, or the successful claim. And in order to do that, he deferred to the private plaintiffs. This is his own explanation of, the court's own explanation. Deferred to their 10%, sort of. It deferred to the private plaintiff's analysis. Now this court has said that deference is appropriate to a lawyer's judgment when the lawyer is talking about lawyerly activities. How long should I spend researching this issue? How much time should I spend revising this brief? But when the question is, does your work pertain to this legal claim? I thought he also said, I sat through this whole case and I can tell you that 10% is a good number to fraction out. That's the second thing he said, yes. When he said that, when the court said that, it didn't assess, it didn't analyze the evidence presented by the private plaintiffs. And with respect, Your Honor, if the statement, I sat through the trial and I'm saying it's 10%, is sufficient analysis, that's appeal proof. Right. Can I ask you one last question before you sit down? Of course. Would you, if we were to ask you to talk to our wonderful mediators about whether this case could be mediated on the fee question, would you participate? There was, my friend will have to give more information, there was a request at the outset about mediation and the parties declined. Well, I understand that, but I'm asking you, or maybe you can tell us when you stand up after the argument, after the next argument, whether you think it might be fruitful. Possibly, enough to at least have a conversation with our mediators about whether to have mediation. Well, Your Honor, the fees amount stands at over $8 million. I understand, and that's all the more reason why mediation might be helpful. Thank you, Your Honor. Thank you. Good afternoon, Your Honor, this is David Ettinger for the private plaintiffs. What I'd like to do is pick up on some of the things that came up in the prior argument. First of all, most emphatically, the record shows that we were not tagging along or the benefit of somebody else. Well, the district judge didn't find that. He found that you were a big help to the government and you put on lots of evidence. But your friend's argument, quite simply, is the district court didn't buy your theory of the case. It didn't reject your theory of the case, but it didn't buy it either. So what are we to do under that circumstance? Your Honor, I think if you look at the Sierra Club case out of the Sixth Circuit, if you look at the Penn State Hershey decision, that took a different position. Well, the Sierra Club case is somebody advancing several different theories and prevailing on one of them. You only had one theory. Your theory was that you were going to be excluded from the market. So let me give you a hypothetical to maybe focus your... Your Honor, could I just respectfully say that's not what I read the Sierra Club case to say? In that case, the court relied on the fact that there was a consent order entered by the government and the Sierra Club played a role in having that consent order modified. We played a critical role. And if the Sierra Club had established its case in that case, it would have been entitled to relief. Right? But the court never did decide that the Sierra Club was entitled to relief. That's exactly like our case. See, everybody reads too much into the cases. All the Sierra Club case indicates is that a consent decree can be a favorable outcome. I have a different question. If I say one other thing, Your Honor, it said somebody else's consent decree could be a favorable outcome if you had an influence on it. You're looking at our case in the worst possible way for us. That's exactly what you're asking. Okay. Let me take your case in the worst possible way for you for a second. If you can respond. It's good to put it that way. Go ahead, Your Honor. Your words. I know. Let's assume the district court had been incredibly meticulous and it had gone through all the evidence in front of it and said, I would not give relief to the private plaintiffs on the claim that they needed to prove up because I don't find exclusion from the claim. But the FTC, with its proof about pricing, has shown entitlement to relief. And therefore, you all get divestiture. If the court had said that, would you be successful? Yes, Your Honor. Let me tell you why. Because the judge found that on the, what you're calling the FTC claim, but what the parties, including the FTC, called the common claims, you know, and that was, and we were involved. What claims? The common claims. Because every single issue in the FTC's claim was an issue for us. No, you prevailed on some issues. I don't doubt that. So you don't, you don't get to change my hypothetical. So my hypothetical is, look, you proved up some stuff that would be very helpful to your claims. But at the end of the day, you wouldn't win on them, the district judge says. You'd shown higher prices, you'd shown some other stuff, but that's not enough because you've got to show exclusionary conduct and you didn't show it. So the district judge says, don't, let me finish, because I know you'll change my hypothetical once I finish it. I wasn't intending to. So I just want to make sure I finish it. I got it. The district judge says, private plaintiffs, had you been by yourselves here, no relief would have been awarded to you. But luckily, the FTC, the white knight, wrote in, and the kind of proof they have to put in is not the same. And so I'm awarding the relief that everybody sought. Would you be the prevailing party under that circumstance? Yes, Your Honor, and the reason why is, we got the relief we wanted, and we played a significant role in achieving that. Well, significant role is not the test anymore. Significant role is getting, is prevailing party. Your Honor, I guess I don't agree. In Sierra, if you're worried about tag-alongs, and you're in uncharted territory here to some degree, and I agree with that, I think you can look at that. In Sierra Club, they did, in Penn State Hershey, they did. It's not like we were just sitting there. The contribution is really the merits of the fees claim, that is, if you were there just making a lot of noise and not accomplishing anything, then they would say that you should not get, that the amount of fees should be reduced. But that's a different point, it seems to me. Your Honor, let me talk about the cases, then, beyond these other cases. If we look at the Ninth Circuit cases, I think the Ninth Circuit has all but said, and they haven't said it clearly, but all but said that we're a prevailing party under these circumstances. The Ninth Circuit said, where there's no decision on the issues in the case, you can still be a member of the Supreme Court. Those are the consent orders. Preview candidate. Preview candidate. Isn't the big point that you need to have article three standing if you're standing, if you're bringing the case by yourself, but you don't need to have the standing if you are a part, I mean, I found the case I was talking about. Town of Chester v. LaRoe was staged in 2017 in the Supreme Court. At least one plaintiff must have standing to seek each form of relief requested in the complaint. For all relief sought, there must be a litigant with standing, whether the litigant joins the lawsuit as a plaintiff, a co-plaintiff, or an intervener of right. So if you're in the case on that basis, and therefore don't need the standing because you're already there seeking the same relief, then I don't, you're buying into the notion that you have to have some claim, independent claim, and I don't know that you do. Well, I mean, at worst, Your Honor, this is a remand situation under the kind of Well, I'm saying the opposite. I'm saying I don't understand why it matters whether you would have prevailed. She's trying to help you. I'm trying to say that I don't see why it matters whether you would have had antitrust standing because in this particular case, the way it turned out, you didn't need the antitrust standing. Your Honor, I certainly agree with that, and I think that's consistent with these cases. The consent order case, if I could just go through my three scenarios real quickly, Your Honor, the Ninth Circuit says if there's a consent order, that's enough, and there's no decision on any issues in the consent order, standing or otherwise. And by the way, if there had been a consent order, here's my hypothetical, if there had been a consent order in this case, and the judge entered the identical orders, nobody would be arguing that we weren't entitled to our fees. So all that's different is he gave us the relief but didn't decide every single issue. In Gerling, there was no relief on the fee awarding statute. And the court still said basically because we don't want to require the court to decide all these claims. Well, that's the question I was asking before. We don't require the court to... You asked, to be fair to you, you asked twice that the court decide the merits of your claim, and twice the District Court and the Court of Appeals said we don't need to because you get all the relief you wanted under the FDC's claim. So my question is, what do we do under that circumstance? And I'm saying, just like in Gerling, you say, there's a... Judicial economy is served by Judge Windmill, who's very busy, and your honors who are very busy not having to decide every last issue because of the possibility of attorney's fees claims coming down the pike. And if that's the case, just like in Gerling they said you shouldn't have to decide constitutional issues if you don't have to, the ruling ought to be that as long as the relief is there, that's sufficient. But was Gerling was... Again, everybody reads out of cases what they want to. Was Gerling a multiple parties case? No, it was not. It's a single party who prevails on their non-fee generating issue, and the court says, but you sued under a fee generating statute and you prevailed, so we're going to give you fees. I'm still, you know... I agree, but I don't think... I'm trying to find a case, I'm trying to find something that deals with this kind of situation other than the D.C. Circuit case. Have you got one? Well, with all due respect, I think Gerling in relevant, in terms of the rationale, is identical. Well, no, I don't think so, because in Gerling there's one plaintiff. That plaintiff sued. That plaintiff prevailed. We know he prevailed on his claims. He prevailed on his non-fee generating claims, and the court says, well, you prevailed on your non-fee generating claims, that's close enough for government work, we'll give you your fees. My problem in your case is I can't tell whether you prevailed on your claims or whether or not you just got relief because the FTC was entitled to it. Now, Judge Berzon may be right that that makes no difference, but I'm trying to find something analogous in the case law that says you're entitled to fees. Your Honor, other than the Penn State Hershey case, which is an appeal... It's a case. It's another district court case just like Staples that went the other way. And in Penn State Hershey, ultimately, they actually found against the fees because they said what was achieved was preliminary relief, and that's not enough, but it is enough in this circuit. But in Penn State Hershey they said we think the public policies here are too important. You're in the case. You're useful. There's no point in deciding your standing because in this joint case you don't need to have standing. But still, there's a proliferation of lawyers as a result, and should some judgment be made as to whether all $8 million that was spent was really needed to make... to get the relief that you got when you didn't get relief on your own, so to speak. Your Honor, Judge Windmill said we were not merely somewhat helpful, but we were crucial, and he did make that division because he credited in a two-page discussion the 90%, 10% analysis. Well, but, you know, I've had the misfortune of having to read the whole record in this case once, and are you really telling me that you would have done only 90% of all the things you did in the absence of the FTC? Your Honor? Or to put it differently. So let's assume the... You know, there's a lot of stuff in this record about exclusion from the market. Your Honor, what Judge... what I did... Which has nothing to do with the FTC's case. What I did, what Judge Windmill credited, is if a witness had a significant contribution to the common issues in the case that he decided, many of them did on geographic market, on efficiencies, and so on, then it went into the 90% bucket, and I think under Hensley that is more than justified. Sure, but before trial, in this case, there was a whole bunch of activity. Are you saying the activity you conducted on your own before trial, 90% of that went to the government's case? Yes, Your Honor. Let me say one other thing real quickly. To be a little more specific. Maybe yes, maybe no, but Judge Windmill just took this number and said, I sat here and I looked at it and it's a good enough number, but he said nothing else. He made no attempt to go through and demonstrate anything about what actually happened at the trial. Does that matter? Well, he had a paragraph describing some of the arguments we made, which he credited, and he was able to look at my detailed declaration, which went through witness by witness and explained what was wrong with St. Luke's position on this, relating it specifically to proposed findings and findings and issues in the case. Your Honor, one other thing very quickly. You know, another thing that a lot of the Ninth Circuit cases have emphasized is the ability of the party who was seeking to be called prevailing to enforce the order. Here, that happened. Here, after the judgment was entered, there were proceedings to take supplementary discovery which then resulted in a new order appointing a monitor and a receiver. We were heavily involved in that. I spent half the time in the deposition of Dr. Kaiser developing the evidence. The FTC was involved in it also, were they not? They were, but still. A lot of these cases say the sine qua non of whether you're entitled to it is could you enforce the order. But Judge Windmill didn't say in the subsequent proceedings, you're independently entitled to enforce the order. I mean, there was no contest about that. I suppose if you'd brought the supplemental proceedings on your own and the FTC had stood aside, then Judge Windmill's order might be very good evidence that you had independent standing to enforce it. But prevailing party doesn't mean only party. We had a key role. St. Luke's never argued that we didn't have the right to enforce it. Why would they? The FTC was there trying to enforce it too. Because they knew what I was doing too, Your Honor. And they didn't try to say I couldn't do it. I don't want to get into who did what. Can I ask the same question I asked your opposing counsel with regard to mediation? Is there, would you, or I don't know if agree is, but is there any point to having our terrific mediators at least call both of you and have a conversation about whether there is whether going ahead with mediation might be useful? If you're not my call, I'd have to talk to my client. I'm sorry, what? If it's not my call, I'd have to talk to my client again, but I could certainly do so promptly. Both sides could let us know whether that's something they're willing to do. It would be helpful. Because in the world of litigation, you might end up with zero. You might end up with four million. Or you might end up with eight million. All right. Thank you very much. Thank you, Your Honors. A few quick points. I want to start with the standing point that you've raised a few times, Judge Berzon. I don't believe the case you've cited out of the Supreme Court is an attorney's fees case. It's not an attorney's fees case, but it demonstrates that they were legitimately in this case whether or not they had standing. Fair enough. And the existence of one plaintiff with standing is enough to support the divestiture order. The prevailing party analysis is a separate question. And as the cases we've cited make clear, the D.C. Circuit case... Because none of the cases are exactly on point, let me give you Judge Berzon's hypothetical. Let's assume the FTC had brought this case and the private plaintiffs intervened. They wouldn't have to show that they would have individually prevailed because they don't have to have standing to intervene. And the award at the end of the case was exactly what it was here. Would they be entitled to fees? No, Your Honor. They wouldn't have to establish standing to show that the district court had authority to hear the case, but any time the private plaintiffs were going to win a judgment in their favor, relief on their claims, they need to establish standing. Your argument is that an intervener in order to get fees must independently establish standing. Any plaintiff in order to get fees needs to establish... I didn't say plaintiff. I said an intervener. Or intervener. Any claimant. And what case is that? I guess I don't have a case specifically on interveners, but Buchanan and the D.C. Circuit case that we've been discussing, long-distance telephone. Buchanan certainly doesn't say this. He's established that a plaintiff has to... You're reading of the rule of Buchanan establishes that, but... The facts of Buchanan are a voluntary situation. What I'm looking for, because you're asking us to wade into waters here that we haven't waded into before... More factually on point are long-distance telephone, which deals with multiple plaintiffs. Your Honor is exactly right that Gerling is not a multiple plaintiff case, and that's a significant distinction. Long-distance telephone and FTC versus Staples are both multiple plaintiff cases, where only one plaintiff established entitlement to relief, and the second plaintiff who came along for the ride wasn't entitled to attorney's fees. It's fair to say they didn't come along for the ride here though on this record. They started the train moving and then the engineer jumped on. They filed the lawsuit. That's true. Now Mr. Edinger was talking about what would have happened if he had told his client at the outside of the case maybe someday the judge won't reach all of our issues and then we might not get fees. Well, the private plaintiffs have known all along that the government was on the case. They knew when they filed the complaint that the government was investigating. Obviously they knew once the government joined the case they had every opportunity. They knew that the government, the FTC comes in with an easier claim to prevail on. The FTC doesn't have to establish injury to competitors. It only has to establish injury to consumers, whereas private plaintiffs have to establish injury to both consumers and themselves as competitors. It could have easily avoided this situation. Now Mr. Edinger also talked about the preliminary injunction ruling as if that preliminary injunction doesn't particularly matter. The judge did not find that they weren't likely to succeed. He made some mutterings, right? He focused on irreparable harm, that's correct. He did not, there was no kind of stipulation. No, I understand that and I'm not suggesting they get fees for a preliminary injunction but there was no finding at the time of the preliminary injunction that they were unlikely to succeed. The preliminary injunction ruling, I believe, focuses  Thank you very much. I wanted to make one final point on enforcement. The order that was entered after this court's merits appeal in December of 2015, this is docket 654, it gives the government plaintiffs alone the ability to oversee the monitor and trustee who had the job of overseeing divestiture. It explicitly gives that authority only to the government plaintiffs. It was the government plaintiffs that primarily enforced this order. Okay, thank you both very much. We may issue an order asking you to at least have one conversation with the mediator. If you have any strong views about it you can let us know. Okay, thank you. Thank you.
judges: Thacker, Berzon, Hurwitz